McKinney, J.
delivered the opinion of the court.
The plaintiff in error, was indicted, tried and convicted in the Circuit Court of Bradley county, upon the latter clause of the 31st section of the penal code, and sentenced to three years imprisonment in the penitentiary, a new trial was moved for and refused — reasons in arrest of judgment were also filed and overruled. The indictment in substance, charges, that the plaintiff in error, feloniously and fraudulently passed to the firm of Phariss & Hill, “a false, forged and counterfeit resemblance and imitation of a bill, purporting to be a bank bill of a bank, purporting to be the Planters’ Bank of .Alabama, of the denomination of ten dollars, well knowing, at the time of passing said bill, that the same was false, forged and counterfeit. And it is averred, that at the time of passing said false and forged resemblance and imitation of a bank bill, there existed no such corporation as the Planters’ Bank of Alabama.”
*82 We think this indictment is essentially defective, and cannot, without a palpable violation of well established principles, be held to support the’conviction had thereon.
1. It does not charge the offence created by the clause of the 31st section of the act upon which it is framed. The offence contemplated by that clause is, the fraudulent buying, paying, or tendering in payment, passing or offering to pass, the false and spurious resemblance or imitation of a bank bill, note, &c., purporting to have been issued by a corporation, company, or person that, in point of fact, either never has had existence, or that had ceased to exist -prior to the time when such note, bill, &c., purported to have been issued and put in circulation. And we hold, that to constitute a good indictment in such case, it must be averred, either that no such corporation, company or person, ever did exist, or that it had ceased to exist before the date when the bill or note purports to have been issued, as the fact may be, and must likewise be averred, that the non-existence of such corporation, company or person, at the time such note or bill purports to have been .issued, was known to the defendant when he passed or offered to pass the same. The indictment in this case contains no such averments, nor does it even charge that, at the time of passing the note in question, he had knowledge of the nonexistence of such corporation. The facts alleged in' this indictment, that the note was fraudulently passed, with a knowledge that it was spurious, and that no such corporation existed at the time of passing, may all be true, and still the plaintiff in error be innocent of thé offence of which he has been convicted. For, if such a corporation as the Planters’ Bank of Alabama had a legal existence at the date of the note described in the indictment, whether such note .be spurious or genuine there can be no convio *83 tion upon the clause of the act under consideration. If genuine, the fraudulent passing would clearly be no offence under this clause, and if spurious, the offence would fall within the provisions of a different clause of the statute.
2. There is no averment in the indictment that the note was passed with the intent to defraud the firm of Phariss & Hill. The fraudulent intent is an essential ingredient of the offence created by the clause of the statute upon which the indictment is predicated, and must be distinctly averred. It was so held by this court that in the case of Hooper vs. The State, 8 Humphreys, 93, in an indictment upon the first clause of the same section; and the principle applies equally to an indictment upon the latter clause. We are of opinion, therefore, that, upon both these grounds, the judgment should have been arrested.
As regards the refusal of the Circuit Court to grant a new trial upon the facts, we deem it proper to say that, if the case rested upon that ground alone, we should hesitate very much to hold, that the testimony, as presented in the record before us, is sufficient to support the verdict. The' averment that no such corporation, as the Planters’ Bank of Alabama, existed, must be proved. The burden of proof is upon the State, and it must be such as will be sufficient to convince and satisfy the mind of the truth of the allegation. Such is not the character of the proof in this record. It perhaps amounts to nothing more than mere ignorance, on the part of the witnesses, as to whether or not such a corporation as the Planters’ Bank of Alabama did exist — a fact susceptible of full and satisfactory proof; a decision upon this point, however, is not called for as upon the defects in the indictment, the judgment must be reversed and arrested.